IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TODD BERKLEY O'DONNELL                                                                 PLAINTIFF

v.                    Civil No. 5:24-cv-05217-TLB-CDC

SERGEANT BAKER, Benton County
Jail; JUDGE ROBIN GREEN; and
TRANSPORT OFFICER WICKE, Benton
County Jail                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Todd B. O'Donnell, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of some of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A.

### I.    BACKGROUND

In Claim One, Plaintiff alleges that when he was in the shower Defendant Baker removed his towel and clothing, "snatched" him out of the shower, and slammed him into the wall. (ECF No. 1 at 4). Plaintiff alleges he was forced to exit the shower naked in front of female officers.

1

*Id.* Plaintiff maintains the incident was demoralizing; he was physically hurt and emotionally traumatized; and he felt he had been sexually assaulted. *Id.* at 5.

In Claim Two, Plaintiff alleges Defendant Green held him in pretrial confinement for eight hundred and forty-eight days before he was sent for a forensic evaluation. (ECF No. 1 at 6). He believes Defendant Green held him too long on pretrial confinement. *Id.* at 7.

In Claim Three, Plaintiff contends that unnamed transport officers and Defendant Wicke[1] used excessive force against him when he was tackled in the courtroom and his smock fell off him in front of eleven female inmates. (ECF No. 1 at 8). Plaintiff alleges he was then escorted down the hallway naked. *Id.* Plaintiff states Defendant Wicke was present and witnessed the abuse. *Id.*

As relief, Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 9). Plaintiff also asks for the criminal case against him to be dismissed. *Id.*

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully

---

[1] It is difficult to discern whether Plaintiff maintains Defendant Wicke used excessive physical force against him or if Plaintiff seeks to hold Defendant Wicke liable on a failure to protect theory.

2

pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

The claims against Defendant Green are subject to dismissal. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985) (citation omitted).

Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). *Id*. Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

Plaintiff's factual allegations against Defendant Green deal with actions she took in her judicial capacity. Thus, any claim for damages is barred.

Furthermore, § 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Here, Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *Judicial Network Inc.*

3

*v. Craighead Cty.,* 931 F.3d 753, 763-64 (8th Cir. 2019). Therefore, Defendant Green is immune from suit.

## IV.   CONCLUSION

For these reasons, it is recommended that the claims against Defendant Green be dismissed for failure to state a claim under 28 U.S.C. § 1915A as she is immune from suit. By separate Order the Complaint will be served on Defendants Baker and Wicke.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:** **This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.**

**RECOMMENDED** this 26th day of November 2024.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE