IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TODD BERKLEY O'DONNELL                                                                    PLAINTIFF

v.                                      Civil No. 5:24-cv-05217-TLB-CDC

SERGEANT BAKER and
TRASNPORT OFFICER WICKE
(Both of Benton County Jail)                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), U.S. District Judge Timothy L. Brooks referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff failure to obey two Court Orders and general failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on October 22, 2024. (ECF No. 1). On February 10, 2025, Plaintiff advised that he had been released from custody and provided a Fort Smith, Arkansas mailing address. (ECF No. 16). Shortly thereafter, Plaintiff was granted in forma pauperis status (ECF No. 19.) and discovery was stayed. (ECF No. 20). On May 9, 2025, Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 21). On May 12, 2025, this Court directed Plaintiff to file his Summary Judgment Response by June 2, 2025. (ECF No. 24). When Plaintiff failed to do so, the Court entered a Show Cause Order, directing Plaintiff to show cause for his failure to provide his Summary Judgment Response by June 30, 2025. (ECF No. 25). Another week has now passed and to date, Plaintiff has failed to respond to either Order, has failed to seek an extension to respond, and has not otherwise communicated with the Court. None of

1

Plaintiff's mail has been returned to the Clerk, and there appears no obvious reason why Plaintiff has failed to comply with the orders of this Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with court orders and has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this **8th day of July 2025**.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE